UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KISON ROBERTSON<br><br>Defendant. | 5:17-CR-50059-KES<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |

Defendant, Kison Robertson, filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 194. The Federal Public Defender filed a supplement to Robertson's motion. Docket 209. Plaintiff, the United States of America, opposes the motion. Docket 213. The court issues the following order.

## BACKGROUND

On March 21, 2018, Robertson was found guilty of one count of assault with a dangerous weapon, in violation of 18 U.S.C. §§ 113(a)(3) and 1152; one count of assault resulting in serious bodily injury, in violation of 18 U.S.C. §§ 113(a)(6) and 1152; and one count of discharging a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). Docket 113. On November 2, 2018, the court sentenced Robertson to 197 months in federal custody. Docket 209 at 2-3. His projected release date is April 8, 2031. *See Find an Inmate*, Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited January 27, 2025) (enter BOP register number 32217-160). Robertson is currently incarcerated at FCI Petersburg, a medium security federal

correctional institution. *See id.*; *FCI Petersburg Medium*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/pem/ (last visited January 27, 2025).

## DISCUSSION

Because sentences are final judgments, a court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). One narrow exception is the First Step Act (FSA), passed by Congress in 2018. Pub. L. No. 115-391, 132 Stat. 5194 (2018). In pertinent part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants in certain circumstances to file motions with the court seeking compassionate release. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). Such a reduction in sentence must take into consideration the 18 U.S.C. § 3553(a) sentencing factors and be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The defendant bears the burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c). *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

The Sentencing Commission's policy statement on compassionate release requires both "extraordinary and compelling reasons" to warrant a sentence reduction. U.S.S.G. § 1B1.13(a)-(b). The defendant also must not pose a danger to the public. *Id.* The policy statement was amended on November 1, 2023, to reflect the FSA's empowerment of federal courts to adjudicate defendant-initiated motions for compassionate release. U.S.S.G. § 1B.13, amend. 814.

Amendment 814 to the Sentencing Commission policy statement also expands the list of extraordinary and compelling reasons justifying compassionate release from federal detention. *See id.*; *2023 Amendments in Brief*, U.S. Sent'g Comm'n, https://www.ussc.gov/sites/default/files/pdf/amendment-process/amendments-in-brief/AIB_814.pdf (last visited January 27, 2025).

I.  **Administrative Exhaustion**

Before the FSA's passage, only the BOP Director had the authority to bring a compassionate release motion on a defendant's behalf. 18 U.S.C. § 3582(c)(1)(A) (2002), *amended by* 18 U.S.C. § 3582(c)(1)(A) (2018). With the enactment of the FSA, Congress has permitted courts to grant a motion for a reduction in sentence filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons [BOP] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Robertson submitted a compassionate release request to the warden on January 24, 2024. Docket 196 at 360. Robertson's request was denied by the warden on February 7, 2024. *Id.* The government does not challenge Robertson's motion on the grounds of failure to exhaust. Docket 213 at 2. The government merely highlights that Robertson cites to several medical incidents and records that are dated after his administrative request to the warden was denied. *Id.* Having presented his request to the warden and being denied, and hearing no concrete objection from the United States, the court will presume

3

Robertson has satisfied the administrative exhaustion requirement and will review the matter on the merits.

## II.     Extraordinary and Compelling Reasons

Congress directed the Sentencing Commission to describe what "should be considered extraordinary and compelling reasons" for compassionate release and fashion "the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). The Sentencing Commission policy statement, as amended in November of 2023, responded by identifying six categories of "extraordinary and compelling reasons" justifying compassionate release. U.S.S.G. § 1B1.13(b)(1)-(4), amend. 814.[1] The first four categories concern the defendant's (1) medical circumstances; (2) advanced age and deteriorating health in combination with the amount of time served; (3) compelling family circumstances; and (4) victimization by correctional staff while in custody. *Id.* A fifth catch-all category exists for a "circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). The sixth

---

[1] Amendment 814 retained much of the language from the prior version of the Sentencing Commission's policy statement, and prior cases inform the court's judgement to the extent they are consistent with the current version of the policy statement. *See* U.S.S.G. § 1B1.13, amend. 814. Before Amendment 814, the court assumed that the factors laid out in the Sentencing Commission's policy statement applied to motions for compassionate release brought by prisoners as well as the Director of the Bureau of Prisons. *See, e.g., United States v. Muhs*, 2021 WL 534517, at *3 (D.S.D. Feb. 12, 2021). Following Amendment 814, the relevant factors now explicitly apply to motions for compassionate release brought by prisoners. *See id.*; U.S.S.G. § 1B1.13(a).

4

category arises if (1) the defendant has received an unusually long sentence, (2) the defendant has served at least 10 years, and (3) a change in law produces a gross disparity between the sentence being served and the sentences likely to be imposed at the time the motion was filed, after considering the individual circumstances of the defendant. U.S.S.G. § 1B1.13(b)(6).

Rehabilitation of the defendant is not an extraordinary and compelling reason in and of itself but "may be considered in combination with other circumstances in determining whether and to what extent a reduction" in sentence is warranted. U.S.S.G. § 1B1.13(d). An extraordinary and compelling reason need not be unforeseen at the time of sentencing to warrant compassionate release. U.S.S.G. § 1B1.13(e).

The court has detailed the governing law and the analysis it uses when confronted with a compassionate release motion in many previous orders predating amendment 814 to § 1B1.13. *E.g., United States v. Shields*, 2021 WL 765001, at *2-3 (D.S.D. Feb. 26, 2021); *United States v. Muhs*, 2021 WL 534517, at *2-3 (D.S.D. Feb. 12, 2021); *United States v. Adame*, 2020 WL 7212096, at *2-3 (D.S.D. Dec. 7, 2020); *United States v. Nyuon*, 2020 WL 7029873, at *2-3 (D.S.D. Nov. 30, 2020). Amendment 814 retained much of the language from the prior version of the Sentencing Commission's policy statement, and our prior cases inform our judgement to the extent they are consistent with the current version of the policy statement. *See* U.S.S.G. § 1B.13, amend. 814. Before Amendment 814, the court assumed that the

factors laid out in the Sentencing Commission's policy statement applied to motions for compassionate release brought by prisoners as well as the Director of the Bureau of Prisons. *See, e.g., Muhs*, 2021 WL 534517, at *3. Following Amendment 814, the factors courts are to consider now explicitly apply to motions for compassionate release brought by prisoners. *See id.*; U.S.S.G. § 1B.13(a).

Robertson argues that his health conditions either meet the criteria of U.S.S.G § 1B1.13(b)(1), (2) or fall under the "catch-all" category of extraordinary and compelling reasons under § 1B.13(b)(5). Docket 209 at 4-5. Thus, the court will consider Robertson's request under both the "medical circumstances" and "catch-all" categories of extraordinary reasons. The court does not consider the categories for compelling family circumstances, victimization by correctional staff, or an unusually long sentence, because Robertson does not argue that any of these circumstances apply. *See* U.S.S.G. § 1B.13(b)(3)-(4), (6).

### A.   Medical Circumstances of the Defendant

Medical records show that Robertson's health conditions include hypertension (or continued high blood pressure), which has caused him to suffer from repeated hypertensive emergencies and significantly contributed to at least two strokes. Docket 209 at 13-14. Robertson alleges these strokes have diminished his physical and mental capacity to the point where his ability to provide self-care within the prison environment is substantially limited. *Id.* The guidelines identify four situations in which the medical circumstances of the

defendant constitute an extraordinary and compelling reason warranting early release. *See* U.S.S.G § 1B1.12(b)(1)(B). The subcategories of medical circumstances warranting early release are: first, where the defendant suffers from a serious physical or mental condition that substantially diminishes the defendant's ability to provide self-care within the correctional facility. U.S.S.G. § 1B1.13(b)(1)(B). Second, where the defendant has a condition that requires long-term or specialized care that is not being provided and without which the defendant's health may seriously deteriorate. U.S.S.G. § 1B1.13(b)(1)(C). Third, where the defendant is in a correctional facility at imminent risk of a public health emergency or outbreak of infectious disease, the defendant is especially at risk, and that risk cannot be adequately and timely mitigated. U.S.S.G. § 1B1.13(b)(1)(D).

### 1. Substantially diminished ability to provide self-care within the prison environment

An extraordinary and compelling reason for early release exists where, due to a serious medical condition, cognitive impairment, or aging, the defendant presents with a substantially diminished ability "to provide self-care within the environment of a correctional facility." U.S.S.G. § 1B1.13(b)(1)(B). Where a defendant can complete the tasks of daily living, courts have found that they are able to provide self-care, and that compassionate release is not appropriate. *See United States v. Korn*, 2020 WL 1808213, at *6 (W.D.N.Y. Apr. 9, 2020) (noting that because defendant was "able to walk with a cane, dress, bathe, eat, and perform . . . activities of daily living independently," his medical condition did not substantially diminish his ability to provide self-care); *United*

7

*States v. Rodriguez*, 424 F. Supp. 3d 674, 682 (N.D. Cal. 2019) (denying motion for compassionate release in part because the defendant was able to undertake the activities of daily living); *c.f.*, *United States v. Campagna*, 612 F. Supp. 3d 365, 369 (S.D.N.Y. 2020) ("[C]ourts have interpreted a diminished ability to provide self-care as equating to confinement to a bed or an equivalent inability to be independent in the activities of daily living pursuant to the BOP's guidance."); *United States v. Bellamy*, 2019 WL 3340699, at *3 (D. Minn. July 25, 2019).

Robertson asserts that his ability to provide self-care has substantially diminished. Docket 209 at 13. Robertson states that he has lingering cognitive and physical side effects as a result of his recent strokes and difficulties properly managing his high blood pressure. *See generally* Docket 209.

The court does not doubt that Robertson has suffered from cognitive and physical impairments due to his strokes, but Robertson does not connect those impairments to any diminished capacity to provide self-care. *See id.* For example, Robertson generally alleges that issues with his weight and walking have contributed to his diminished self-care abilities. Docket 196 at 4, 5, 9. Specifically Robertson asserts his issues with walking make it difficult from him to make it to the "pill line" in the morning to receive his medication. Docket 196 at 4, 7, 9-10. But Robertson does not use any assistive device when walking nor does he connect his mobility issues to a stroke. *Id.* at 7.

Aside from being unable to routinely attend the "pill line," there are no medical records that indicate Robertson's medical conditions substantially

8

diminish his ability to provide self-care and his motion does not explain how his self-care is limited by medical problems. *See generally* Dockets 209, 214. Thus, no extraordinary and compelling reason for compassionate release exists on the grounds that Robertson is impaired in his ability to care for himself.

### 2. Long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration or death

Under the previous version of the guidelines, there existed no defined subcategory of medical circumstances justifying compassionate release for situations where necessary medical care is not being provided by the BOP. *See* U.S.S.G. § 1B.13, amend. 814. The amended guidelines define as an extraordinary and compelling reason circumstances where "[t]he defendant is suffering from a medical condition that requires long-term or specialized medical care that is not being provided and without which the defendant is at risk of serious deterioration in health or death." U.S.S.G. § 1B1.13(b)(1)(C), amend. 814.

The record supports that Robertson's medical conditions are, for the most part, being appropriately managed while in federal custody. *See generally* Docket 196; Docket 208. Robertson has had access to outside medical care and rehabilitation during and following his hypertensive emergencies and strokes. Docket196; Docket 208; Docket 209. Although there was a delay in taking Robertson to outside medical care during his first stroke, BOP did not delay during subsequent medical emergencies. Docket 209 at 6-11. Robertson's implication that BOP staff were "reckless and cynical" when they suspected

him of drug use prior to realizing he was suffering from a stroke is not supported because Robertson has a history of mental health problems and previous drug convictions. Docket 157 ¶¶ 27-29, 31-33, 60-62.

Robertson claims he is fearful that he will continue to have hypertensive emergencies, and that delayed treatment could lead to further strokes. Docket 209 at 14. His worries, however, are unpersuasive because multiple BOP and hospital medical records indicate that Robertson is not compliant in taking his blood pressure medication. Docket 196 at 1, 4, 9-10, 32, 65, 131, 259; Docket 208 at 19, 22-23, 25, 28, 34. The record shows Robertson has failed to make "pill line" appearances, neglected to visit medical staff after missing the "pill line," and outright refused to take his blood pressure medication, despite being counseled on the importance of controlling his blood pressure in order to prevent hypertensive emergencies and strokes. *Id.*

While Robertson can point to one possible example of substandard care, generally Roberson has been provided necessary medical care. The court does find that an extraordinary and compelling reason for compassionate release under § 1B1.12(b)(1)(C) exists on the grounds that necessary medical care is not being provided to Robertson based on the single incident identified in his filing.

### 3. Ongoing outbreak of infectious disease or public health emergency where the defendant is especially at risk and the risk cannot be adequately mitigated

Under the amended Sentencing Guidelines, an extraordinary and compelling reason for compassionate release exists where (1) the defendant is

housed at a correctional facility at imminent risk of an ongoing outbreak of infectious disease or public health emergency, (2) the defendant is especially at risk, and (3) such risk cannot be adequately mitigated in a timely manner. U.S.S.G. § 1B1.13(b)(1)(D).

At this point, the risk of an imminent outbreak of COVID-19 at FCI Petersburg has lessened as compared to the early days of the COVID-19 pandemic. As of January 27, 2025, the BOP reported zero open cases of COVID-19 at FCI Petersburg. *See Inmate COVID-19 Data*, Fed. Bureau of Prisons, https://www.bop.gov/about/statistics/statistics_inmate_covid19.jsp (last visited January 27, 2025). The federal government has declared an end to the Federal COVID-19 Public Health Emergency. *End of the Federal COVID-19 Public Health Emergency*, Ctrs. for Disease Control & Prevention, https://archive.cdc.gov/#/details?url=https://www.cdc.gov/coronavirus/2019-ncov/your-health/end-of-phe.html (last updated September 12, 2023). Nonetheless, the court recognizes that seasonal elevations of COVID-19 infection may impact correctional institutions. *See CDC Continues to Track the Growth of JN.1*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/respiratory-viruses/whats-new/JN.1-update-2023-12-22.html (last updated December 22, 2023). But the court does not find that this seasonal elevation in COVID-19 infections constitutes an extraordinary and compelling reason under § 1B1.13(b)(1)(D).

Even if there were an imminent risk of an outbreak or public health emergency, Robertson's circumstances do not present an extraordinary and

11

compelling reason because his risk of serious complications from COVID-19 is adequately mitigated. COVID-19 poses a particular risk to individuals with certain existing health conditions. *See People with Certain Medical Conditions*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/covid/risk-factors/?CDC_AAref_Val=https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last updated May 11, 2023). Robertson's history of strokes, age, and weight put him at risk of severe complications from COVID-19. *See id.*; *see generally* Docket 196. Although Robertson is at greater risk, he has previously testified positive for COVID-19 and is vaccinated. Docket 196 at 69, 99. Previous infection with COVID-19 provides "protection against severe COVID-19 illness" that "generally lasts longer than protection against reinfection." *About Reinfection*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/covid/about/reinfection.html?CDC_AAref_Val=https://www.cdc.gov/coronavirus/2019-ncov/your-health/reinfection.html (last updated June 14, 2024). And while "the protection against infection tends to be modest and sometimes short-lived," vaccines nonetheless "provide sustained protection against severe disease and death." *5 Things You Should Know About COVID-19 Vaccines*, Ctrs. for Disease Control & Prevention, https://www.cdc.gov/respiratory-viruses/whats-new/5-things-you-should-know.html (emphasis omitted) (last updated October 13, 2023). Thus, Robertson already has significant protection against severe COVID-19 illness. For the court to grant compassionate release, it must not be possible for the

defendant's increased risk to be adequately and timely mitigated. *See* U.S.S.G. § 1B1.13(b)(1)(D)(iii). Robertson's risk is adequately mitigated. Thus, the court finds that no extraordinary and compelling reason for compassionate release exists due to the COVID-19 pandemic.

To conclude, the court finds that Robertson's medical problems do not substantially diminish his ability to provide self-care, the BOP is providing Robertson with adequate medical care, and COVID-19 does not present an unmitigable risk to Robertson. The court finds that Robertson's medical circumstances do not constitute an extraordinary and compelling reason under 18 U.S.C. § 3582(c)(1)(A)(i).

### B. Catch-all Category

The catch-all category allows for compassionate release where "[t]he defendant presents any other circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5).

In his pro se motion for compassionate release, Robertson alleges that the combination of (1) his lingering physical and cognitive impairments from his prior strokes; (2) his high risk for additional strokes; (3) his weight; and (4) the correctional facility environment are sufficient to meet the required standard. Docket 194 at 19-20. But these reasons, even coupled together, do not justify granting Robertson's compassionate release motion. The court previously evaluated these circumstances and their interplay and found

13

Robertson failed to meet the medical circumstances exception. The court's conclusion is the same here. In short, Robertson has failed to satisfy the requirements for compassionate release under 18 U.S.C. § 3582(c)(1)(A) and U.S.S.G. § 1B1.13. Thus, his motion for compassionate release is denied.

### III.   Sentencing Factors of § 3553(a)

The § 3553(a) sentencing factors confirm that compassionate release is not warranted. The first factor the court considers is "the nature and circumstances of the offense and the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Robertson was charged with one count of attempted murder, two counts of assault with a dangerous weapon, one count of assault resulting in serious bodily injury, and one count of discharge of a firearm during the commission of a crime of violence. Docket 157 ¶ 1. Robertson had multiple opportunities to de-escalate his altercations with the victim and the victim's son. Docket 157 ¶ 6. The victim's son initiated the physical altercation, and Robertson later fled the scene. *Id.* But, after a short time, Robertson returned to the scene of the fight with a firearm, shot the victim, and tried to shoot the victim's son. *Id.* The seriousness of Robertson's offense demands a just sentence that reflects the crime.

Robertson's personal characteristics are not more favorable to his motion than the offenses themselves. Robertson's criminal history score was 13. *Id.* ¶ 44. That score reflects a lifelong relationship with the criminal justice system. *Id.* ¶¶ 23-42. Robertson's criminal history also reflects that, on multiple occasions, he has failed to appear before the court on charges and violated

terms of probation. *Id.* ¶¶ 23, 27, 30, 34, 38. Robertson was diagnosed with schizoaffective disorder and has not been diagnosed with any substance abuse disorders. *Id.* ¶¶ 60-62. Robertson has also committed several non-violent infractions during his time in custody. Docket 196 at 350. Robertson asserts that, if released, he will live with his cousin, who herself lives in a home free of alcohol, drugs, and guns, with her husband and no children. Docket 209 at 16. Robertson's substantial criminal history, his numerous failed appearances, and violations of parole indicate that compassionate release is not appropriate. The court finds the characteristics and history of the defendant do not support the motion.

     The next factor the court considers is the need for the sentence "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense." 18 U.S.C. § 3553(a)(2)(A). Here, granting compassionate release would not promote respect for the law or provide just punishment. Although Robertson explains that he is remorseful for his actions, Docket 194 at 25, the seriousness of the offense outweighs his feelings of contrition. The PSR outlines that Robertson had multiple opportunities to avoid a physical altercation with the victim. Docket 157 ¶ 6. Instead, Robertson repeatedly engaged with the victim's son over the $20 allegedly owed by the victim to Robertson. *Id.* While not the initial aggressor, Robertson fled the scene, a residential housing area, only to return a short time later with a firearm; his actions not only endangered the victim, but those in the surrounding area. *Id.* Finally, while Robertson has served over half of his 197-

15

month sentence, this is not sufficient punishment for his actions. For these reasons, granting a sentence reduction would not promote respect for the law nor provide just punishment.

The remaining § 3553(a) factors do not support a sentence reduction. If the court were to grant compassionate release, similar conduct in others would not be deterred because Robertson's punishment would not be severe enough to act as an effective deterrent. *See* 18 U.S.C. § 3553(a)(2)(B). Robertson was found guilty by a jury of assault with a dangerous weapon, assault resulting in serious bodily injury, and discharge of a firearm during a crime of violence. Docket 209 at 2. Reducing his sentence at this time would not protect the public from further crimes if Robertson resumed his criminal behavior. *See* 18 U.S.C. § 3553(a)(2)(C). Thus, the court finds that the remaining § 3553(a) factors weigh against Robertson.

In sum, the court sentenced Robertson to 197 months in custody in the amended judgment. Docket 209 at 2. The imposed sentence was within the advisory guideline range. *See* Docket 157 ¶ 68-70. After careful consideration, the court concludes that Robertson's sentence continues to be appropriate for the seriousness of the crimes to which he was found guilty.

## IV. Motion to Appoint Counsel

Robertson filed a motion to appoint counsel, under 18 U.S.C. § 3006A(a)(2)(B), to assist with his motion for compassionate release. Docket 195. A federal public defender later filed a supplement in support of Robertson's motion for a reduction in sentence. Docket 209. As a result, the

court finds Robertson's motion to appoint counsel moot.

## CONCLUSION

Robertson failed to satisfy the extraordinary and compelling reason standard under 18 U.S.C. § 3582(c)(1)(A)(i). Thus, Robertson's motion to reduce his sentence fails. It is

ORDERED that defendant's motion for relief under the First Step Act (Docket 194) is denied. It is further

ORDERED that defendant's motion to appoint counsel (Docket 195) is denied as moot.

Dated February 3, 2025.

BY THE COURT:

/s/ Karen E. Schreier
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE